**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| PATRICIA CLEMENSON,<br><br>   Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC.,<br><br>   Defendant. | CIVIL ACTION<br><br>COMPLAINT   3:18-cv-01309<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES Plaintiff, PATRICIA CLEMENSON, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendant, THE CBE GROUP, INC., as follows:

**NATURE OF THE ACTION**

1.  This is an action brought by a consumer seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

**JURISDICTION AND VENUE**

2.  Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 as the action arises under the laws of the United States (TCPA and FDCPA).

3.  This Court has supplemental jurisdiction over Plaintiff's TDCA claim pursuant to 28 U.S.C. § 1334.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5. PATRICIA CLEMENSON ("Clemenson") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

6. THE CBE GROUP, INC. ("CBE") is a third-party debt collection agency with headquarters located in Cedar Falls, Iowa. CBE regularly collects debts from consumers across the United States, including consumers from the the State of Texas.

## FACTUAL ALLEGATIONS

7. In September 2017, CBE started placing calls to Clemenson's cellular telephone in an attempt to collect a debt allegedly owed by Clemenson's husband.

8. At all times relevant, Clemenson was the sole subscriber, owner, and operator of the cellular phone number ending in 8120.

9. Clemenson never provided her cellular phone number to CBE.

10. Immediately after CBE's call began, Clemenson picked up a call from CBE and demanded that CBE cease placing calls to her cellular phone.

11. Clemenson's request that CBE cease placing calls to her cellular phone fell on deaf ears.

12. Specifically, from September 2017 through the present day, CBE has placed no less than 80 phone calls to Plaintiff's cellular phone in attempt to collect a debt allegedly owed by Clemenson's husband.

13. In the phone calls that Clemenson answered, Clemenson was greeted by a noticeable period of "dead air" while CBE's telephone system attempted to connect Clemenson to a live agent.

14. Specifically, there would be an approximate 3 second pause between the time Clemenson said "hello," and the time that a live agent introduced themselves as a representative of CBE attempting to collect on a debt.

## DAMAGES

15. CBE's collection calls have disrupted Clemenson's everyday life and overall well-being.

16. CBE's collection calls have resulted in intrusion and occupation of Clemenson's cellular services, thus impeding receipt of other calls.

17. CBE's telephone harassment campaign and illegal collection activities have caused Clemenson actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Clemenson's cellular telephone capacity, wasting Clemenson's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

18. Concerned about the violations of her rights and invasion of her privacy, Clemenson sought counsel to file this action to compel CBE to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Clemenson restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Clemenson is a "consumer" as defined by 15 U.S.C. § 1692a(3).

21. The debt that CBE was attempting to collect from Clemenson's husband is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for a "personal purpose."

22. CBE is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**a. Violations of FDCPA §§ 1692d and d(5)**

23. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of a debt.

24. Section 1692d(5) of the FDCPA prohibits a debt collector from causing a telephone to ring continuously with the intent to annoy, abuse, or harass.

25. CBE violated 15 U.S.C. §§ 1692d and d(5) by placing no less than 80 collection calls to Clemenson after Clemenson demanded that the calls cease.

26. CBE's conduct of repeatedly placing or causing to be placed collection calls to Clemenson was abusive, harassing, and oppressive.

**b. Violations of FDCPA §§1692f and 1692e**

27. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. CBE violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt not belonging to Clemenson by placing no less than 80 collection calls to Clemenson's cellular phone number from September 2017 through the present.

29. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

30. CBE violated §1692e by falsely representing, through implication, that Clemenson was liable for the debt that was allegedly owed by her husband when it continued its collection efforts targeted at Clemenson after it obtained knowledge that Clemenson was not her husband.

**WHEREFORE** Plaintiff, PATRICIA CLEMENSON, requests that this Honorable Court:

a. Declare that the conduct complained of herein is unlawful and violates the FDCPA;

 b. Award Clemenson statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

 c. Award Clemenson costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

 d. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Clemenson restates and realleges paragraphs 1 through 18 as though fully set forth herein.

32. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

33. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

34. Upon information and belief, based on the pause and lack of a prompt human response during the calls Clemenson answered, CBE used a predictive dialing system to place calls to Clemenson's cellular phone.

35. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012).

36. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id*.

37. CBE violated the TCPA by placing no less than 80 calls from September 2017 through the present day to Clemenson's cellular phone, using an ATDS, without her consent.

38. As pled above, Clemenson never provided CBE with her cellular phone number nor otherwise consented to receive calls from CBE to her cellular phone.

39. Furthermore, as pled above, Clemenson requested that CBE cease its calls to her cellular phone to no avail.

40. As pled above, Clemenson was substantially harmed by CBE's collection calls to her cellular phone.

41. Pursuant to 47 U.S.C. §227(b)(3)(B), CBE is liable to Clemenson for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), CBE's willful and knowing violations of the TCPA triggers this Honorable Court's ability to treble damages to which Clemenson is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE** Plaintiff, PATRICIA CLEMENSON, requests that this Honorable Court:

a. Enter an order enjoining CBE from placing calls to Clemenson's cellular phone;

b. Declare CBE's phone calls to Clemenson to be violations of the TCPA;

c. Award Clemenson damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

d. Award any other relief this Honorable Court deems equitable and just.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

42. Clemenson restates and realleges paragraphs 1 through 18 as though fully set forth herein.

43. Clemenson is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

44. CBE is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

45. CBE is a "third-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. The debt that CBE was attempting to collect from Clemenson's husband is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

## Violations of TDCA § 392.302(4)

47. Section 392.302(4) of the TDCA prohibits debt collectors from oppressing, harassing, or abusing a person by "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

48. CBE violated § 392.302(4) of the TDCA by placing no less than 80 collection calls to Clemenson after Clemenson demanded that the calls cease.

49. CBE's conduct of repeatedly placing collection calls to Clemenson was intended to harass Clemenson and to compel payment on the debt that was allegedly owed by Clemenson's husband.

**WHEREFORE**, Plaintiff, PATRICIA CLEMENSON, requests that this Honorable Court:

a. Declare that the conduct complained of herein is unlawful and violates the TDCA;

b. Enjoin CBE from placing calls to Clemenson's cellular phone;

c. Award Clemenson actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Clemenson her reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b).

**Plaintiff demands trial by jury.**

Dated: May 22, 2018                                                                 Respectfully Submitted,

/s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, Illinois 60148
Phone (630) 575-8180
mbadwan@sulaimanlaw.com