IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA CLEMENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1309-S-BN |
| | § | |
| THE CBE GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

In this action, referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), the undersigned enters these findings of facts, conclusions of law, and recommendation that the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

**Applicable Background**

Plaintiff Patricia Clemenson, then represented by counsel, filed this action under the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, and the Texas Debt Collection Act. *See* Dkt. No. 1.

On January 9, 2019, various counsel for Ms. Clemenson filed a motion to withdraw providing – as applicable to the issue now before the Court – that

> [t]he parties are currently engaged in discovery. Defendant is requesting to take Plaintiff's deposition and has requested availability from Plaintiff's attorneys.
> Despite Plaintiff's attorneys' numerous attempts to communicate with Plaintiff – by telephone as well as in writing – Plaintiff is unresponsive.
> Plaintiff's attorneys cannot adequately represent Plaintiff without Plaintiff's cooperation.

> No attorney is to be substituted at this time. ...
> Plaintiff's attorneys have attempted to obtain Plaintiff's consent to this Motion; however, have been unsuccessful.

Dkt. No. 25 at 2 (emphasis omitted).

The next day, United States District Judge Karen Gren Scholer granted the motion to withdraw. *See* Dkt. No. 26. Judge Scholer then referred the now-*pro se* action to the undersigned for pretrial management. *See* Dkt. No. 27.

On January 16, 2019, the Court entered an order setting an in-person status conference for January 31, 2019. *See* Dkt. No. 28. That order – mailed to Ms. Clemenson at the address in Fort Worth identified as her most recent address in counsel's motion to withdraw, *see* Dkt. No. 25 at 2 – provided that "Plaintiff and counsel for Defendant must attend in person" and that "[a] party's failure to do so subjects that party to sanctions, which may include, as to Plaintiff, dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey an order of the Court," Dkt. No. 28 at 1. The order was not returned as undeliverable.

The undersigned conducted a status conference on January 31, 2019. Counsel for Defendant attended. Ms. Clemenson did not. *See* Dkt. No. 29.

The same day, the Court entered Order Setting Second In-Person Status Conference [Dkt. No. 30] recounting this history and providing that

> [t]he Court will therefore conduct a second in-person status conference on February 8, 2019 at 10:00 a.m. in Courtroom 1561, 1100 Commerce Street, Dallas, Texas 75242 before the undersigned. And the Court again WARNS Plaintiff that her failure to attend – and her failure to explain why she did not attend today's status conference – subjects her to sanctions, which may include dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey an order of the

Court.

*Id.* at 2 (emphasis omitted).  That order too was not returned as undeliverable.

A second status conference occurred today. Again, counsel for Defendant attended. But Ms. Clemenson did not. *See* Dkt. No. 31. During this brief conference, Defendant's counsel related that, after the first conference, his office contacted Ms. Clemenson about her deposition via email and certified mail but received no response.

### Legal Standards and Analysis

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*,

77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441).

The record recounted above demonstrates that Ms. Clemenson has prevented this action from proceeding and, by so doing, she has failed to prosecute her lawsuit and also has failed to obey two court orders. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the

disposition of this case until such time as Ms. Clemenson decides to comply with the Court's directives. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

But, if during the period for filing objections to this recommendation, Ms. Clemenson files a written response indicating that she now wishes to prosecute her action, the undersigned will withdraw the findings, conclusions, and recommendation and set a third in-person status conference.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE